UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Jane Hintz,<br><br>             Plaintiff,<br>v.<br><br>Comcast Corporation and Comcast of St. Paul, Inc.,<br><br>             Defendants. | **COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For her Complaint against Comcast Corporation and Comcast of St. Paul, Inc. (hereinafter, collectively as "Defendants" or "Comcast"), Jane Hintz states and alleges as follows based on her personal knowledge, on investigations of counsel, and on information and belief:

## INTRODUCTION

1. This is a lawsuit to recover damages arising from Defendant's violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 *et seq*.

## PARTIES

2. Plaintiff Jane Hintz (hereinafter "Plaintiff") is a natural person residing in the State of Minnesota, City of West Saint Paul, County of Dakota.

3. Defendant Comcast Corporation is a corporation organized under the laws of the State of Pennsylvania with its chief executive office in Philadelphia, Pennsylvania.

1

4. Defendant Comcast of St. Paul, Inc. (hereinafter "Comcast of St. Paul") is a corporation organized under the laws of the State of Minnesota with its chief executive office in St. Paul, Minnesota.

5. Comcast of St. Paul is wholly owned subsidiary of Comcast Corporation.

6. Comcast of St. Paul operates under the direction and control of Comcast Corporation.

7. At all times herein mentioned, each defendant was the agent, servant, employee, co-conspirator and/or joint venturer of each of the other defendants. In doing the acts alleged in this complaint, each and every defendant was acting within the course and scope of this agency, employment, conspiracy, and/or joint venture, and was acting with the consent, permission, and authorization of each of the other defendants. All actions of each defendant, as alleged in the causes of action stated herein, were ratified, approved and/or authorized by every other defendant with full knowledge of such acts.

8. Defendants are jointly and severally liable for the actions alleged in this complaint.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2) because Defendants accessed Plaintiff's consumer report without a permissible purpose causing harm to an individual in the jurisdiction of this Court, giving rise to Plaintiff's claim under the FCRA.

11. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Minnesota and Defendants violated Plaintiff's rights under the FCRA in the State of Minnesota.

## **FACTUAL ALLEGATIONS**

12. In the fall of 2014, Plaintiff had just moved to a new home and was looking for an internet service provider.

13. Plaintiff was deciding between two different internet service providers, Century Link and Comcast.

14. Plaintiff's research showed that Century Link and Comcast were roughly the same price.

15. Plaintiff attends graduate school online.

16. Because Plaintiff needs the internet for school, she was going to choose between Century Link and Comcast based on whichever provider could install the internet at her house at the earliest date and time.

17. Plaintiff accessed Comcast's online site to determine Comcast's earliest installation time.

18. In order to determine the date and time of installation, Plaintiff had select a service for a cart.

19. Plaintiff was then asked if she wanted to rent or use her own modem.

20. Then Plaintiff was taken to a screen (hereinafter the "Screen") that requested her personal information including social security number and date of birth.

21. A true and correct picture of the Screen is attached as Exhibit 1.

22. The Screen asked for a first name.

23. The Screen asked for a last name.

24. The Screen asked for a phone number.

25. The Screen asked for an email address.

26. The Screen asked for a date of birth.

27. The Screen asked for a social security number.

28. The Screen said, "Enter your Date of Birth and Social Security Number so that we can verify your identity. This information is NEVER shared."

29. The Screen provided a button that said "Continue Securely."

30. The "Continue Securely" button implies that the customer is continuing to proceed through a process and that no request had yet been initiated to Comcast.

31. Plaintiff attempted to put in a fake social security number so she could obtain information.

32. The website did not accept the fake social security number.

33. Plaintiff clicked on a button that says "Why do we ask."

34. A pop-up (hereinafter the "Pop-Up") appeared on the Screen.

35. A true and correct picture of the Pop-Up on the Screen is attached as Exhibit 2.

36. The Pop-Up says, "In order to protect you against possible identity theft, we need to make sure that you are the person signing up for this account. You security is very important to us – this information is NEVER shared."

37. Plaintiff relied on the statement that the "information is never shared."

38. Plaintiff entered her personal information solely to obtain more information about Comcast's installation process.

CASE 0:15-cv-02152-PAM-SER   Document 1   Filed 04/27/15   Page 5 of 10

39. When Plaintiff entered her information she did so solely to be able to shop around on the site, she did not do so to initiate a transaction of any sorts.

40. Defendant did not provide the option of seeing installation information without Plaintiff entering her personal information.

41. The Screen did not mention anything pertaining to credit or consumer reports.

42. The Screen did not state that the information would be used to perform a credit check.

43. After Plaintiff submitted her personal information Plaintiff still was not provided installation information like she wanted.

44. Defendant presents it's online ordering tool to customers as a cart, see attached Exhibit 3.

45. Plaintiff abandoned the process and never submitted her cart.

46. Upon information and belief, it was Defendant's standard practice to run credit checks before customers submit their carts.

47. Never at any time did Plaintiff complete Defendant's process for submitting a completed request for service.

48. A reasonable person would not have believed that they were initiating a transaction.

*Credit Report*

49. Months later Plaintiff obtained her consumer report from Equifax.

50. Equifax is one of the three major credit bureaus in the United States.

51. Equifax maintains files on consumers that detail the particular consumer's credit worthiness.

52. Credit granting institutions purchase consumer reports to determine if a potential applicant is credit worthy.

53. It is common for potential employers to access consumer reports to gain information that may bear on whether or not an individual will or will not be hired.

54. It is common for potential landlords to access consumer reports to determine if they want to allow a potential tenant to lease real property.

55. The information contained in an individual's consumer report combined with their credit score can have an impact on numerous different facets of an individual's life.

56. Plaintiff's Equifax report states that on October 22, 2014, "Comcast – St. Paul" made what is known as a hard pull.

57. A hard pull is an inquiry on a credit report that impacts your credit rating or credit score.

58. An inquiry is the term used to describe when there is a request for an individual's consumer report.

59. The hard pull inquiries section of Plaintiff's consumer report states "These inquiries are made by companies with whom you have applied for a loan or credit."

60. A true and correct copy of the hard pull inquiries section from Plaintiff's Equifax report is attached as Exhibit 4.

61. Plaintiff disputed the inquiry to Equifax.

62. Equifax responded, stating that they would not remove the inquiry.

63. A true and correct copy of Equifax's response is attached as Exhibit 5.

64. Equifax's response directs Plaintiff to contact Comcast.

65. On April 14, 2015 Plaintiff called Comcast at (215) 640-8960 to discuss the issue.

66. Plaintiff spoke with the Comcast Executive Customer Service Team.

67. Plaintiff was given case number ESL01864709.

68. As of the date of this complaint, Comcast has not agreed to remove the inquiry on Plaintiff's consumer report.

69. Plaintiff's credit score has been impacted negatively.

70. Plaintiff is attempting to take out a loan for car repairs.

71. Upon information and belief, Plaintiff has been subject to higher interest rates because of Comcast's inquiry.

72. Knowledge of the negative impact to her credit rating and potential inability to access favorable credit in the future has caused Plaintiff substantial mental distress, emotional upset, stress, and anxiety.

### *The FCRA*

73. Under 15 U.S.C. § 1681b(f) a consumer report can only be obtained for one of the permissible purposes listed in 15 U.S.C. § 1681b(a).

74. Defendants did not have a permissible purpose under 15 U.S.C. §1681b(a).

75. Plaintiff never applied for a loan from Defendants.

76. Plaintiff never initiated a business transaction from Defendants because she never submitted her shopping cart.

77. Plaintiff was simply on Comcast's website shopping around.

7

78. Plaintiff was not attempting and did not intend to initiate a business transaction with Defendants.

79. Plaintiff was misled by Defendants when Defendants stated that they would not share her information.

80. Defendants violated 15 U.S.C. 1681b(f)(1) by obtaining Plaintiff's consumer report for an impermissible purpose.

## TRIAL BY JURY

81. Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the Constitution and Federal Rule of Civil Procedure 38(b).

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

82. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

83. Defendant violated 15 U.S.C. § 1681b(f).

84. Plaintiff has suffered mental distress as the direct and proximate result of Defendant's violations of the FCRA.

85. Plaintiff's credit score has decreased and Plaintiff has been subject to higher interest rates as the direct and proximate result of Defendant's violations of the FCRA.

86. Defendants willfully obtained Plaintiff's consumer report without a permissible purpose in violation of the FCRA by knowingly designing a deceptive system where

consumers think they are just shopping but Defendant secretly obtained their personal credit information.

87. Plaintiff is entitled to recover from Defendant statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681n.

88. In the alternative to the court ruling that Defendants' actions are willful, Defendants' actions were negligent.

89. If the court rules that Defendants' actions are not willful, but are negligent, Plaintiff is entitled to recover from Defendant actual damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that a judgment and order be entered against Defendant as follows:

- for actual damages for mental distress, a decreased credit score, and higher interest rates, as provided by the FCRA;
- for statutory damages of $1,000, as provided by the FCRA;
- for punitive damages as provided by the FCRA;
- for reasonable costs and attorney's fees, as provided by the FCRA;
- for an order declaring that Plaintiffs brought a successful action under the FCRA; and
- for such other and further relief as may be just and proper.

Dated this 27 day of April, 2015.        Respectfully submitted,

By: s/ Nicholas R. Nowicki
Brandon T. McDonough, Esq.
Attorney I.D. #:  0393259
Nicholas R. Nowicki, Esq.
Attorney I.D. #: 0395038

        MCDONOUGH & NOWICKI PLLC
        3011 36th Avenue South, Suite 6
        Minneapolis, Minnesota 55406
        Telephone: 612-217-0259
        brandon@mcnowick.com
        nik@mcnowick.com

        **ATTORNEYS FOR PLAINTIFF**